# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELAINE ANN BARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-101-CG |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Elaine Ann Barrett brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 401-434. The parties have consented to the jurisdiction of a United States Magistrate Judge. Upon review of the administrative record (Doc. No. 12, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands the case for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on January 9, 2014, alleging a disability onset date of February 13, 2013. R. 15, 137-42. Following a denial of her application initially and on reconsideration, a hearing was held before an Administrative

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

Law Judge ("ALJ") on August 6, 2015. R. 28-64, 83-86, 88-90. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 59-63. The ALJ issued an unfavorable decision on November 25, 2015. R. 12-24.

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 13, 2013. R. 17. At step two, the ALJ determined that Plaintiff had the severe medically determinable impairments of obesity, asthma, osteoarthritis, status post right ankle fusion, hypertension, and status post remote motor vehicle accident resulting in multiple injuries requiring surgical intervention. R. 17-18. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her medically determinable impairments. R. 18-22. The ALJ found that Plaintiff had the residual functional capacity to

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. [Plaintiff] can sit for about six hours during an eight-hour workday and stand and walk for at least two hours during an eight-hour workday. [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] should avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. [Plaintiff] cannot use right foot controls.

R. 18. At step four, the ALJ determined that Plaintiff was incapable of performing her past relevant work as a pharmacy technician. R. 22.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 22-23. Relying upon the VE's testimony, the ALJ found that Plaintiff could perform sedentary, unskilled occupations such as: order clerk, food and beverage; call-out operator; and final assembler of optical goods, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 22-23. Therefore, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 23-24.

Plaintiff's request for review by the SSA Appeals Council was denied on November 28, 2016, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* R. 1-5; 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings,"

3

"to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ISSUES ON APPEAL

In this action, Plaintiff argues that the ALJ erred by: (1) failing to properly weigh and evaluate an opinion from Plaintiff's treating orthopedist, (2) not considering all of Plaintiff's limitations in the hypothetical posed to the VE, and (3) failing to assess the impact of Plaintiff's obesity on her other impairments. *See* Pl.'s Br. (Doc. No. 14) at 4-12.

ANALYSIS

A. *The Treating-Physician Rule*

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of Plaintiff's treating orthopedist, Paul A. Kammerlocher, MD, and by not weighing Dr. Kammerlocher's opinion in accordance with the relevant regulatory factors. *See id.* at 5.

Specific SSA regulations govern the consideration of opinions by "acceptable medical sources." *See* 20 C.F.R. §§ 404.1502, .1513(a) (2015). The Commissioner generally gives the highest weight to the medical opinions of a "treating source," which includes a physician who has provided the claimant "with medical treatment or evaluation" during a current or past "ongoing treatment relationship" with the claimant. *Id.* § 404.1527(a)(2); *see id.* § 404.1527(c)(2); *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

When considering the medical opinion of a claimant's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *see also* 20 C.F.R. § 404.1527(c)(2). The opinion of a treating physician is given such weight if it is both "'well-supported by medically acceptable clinical or laboratory diagnostic techniques'" and not inconsistent with the other substantial evidence in the record. *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996));[2] 20 C.F.R. § 404.1527(c)(2).

A treating-physician opinion not afforded controlling weight is still entitled to deference. *See Watkins*, 350 F.3d at 1300; SSR 96-2p, 1996 WL 374188, at *4. "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct assessment—i.e., what lesser weight should be afforded the opinion and why. *See Watkins*, 350 F.3d at 1300-01. In this second inquiry, the ALJ weighs the relevant medical opinion using a prescribed set of regulatory factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention

---

[2] Social Security Ruling 96-2p has been rescinded for claims filed on or after March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017).

5

which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5).

   B. *Opinions of Dr. Paul Kammerlocher and the Written Decision*

Dr. Kammerlocher issued two opinions in September 2013. The first (the "Clinic Note"), dated September 20, 2013, was available to the ALJ at the time of the hearing. R. 31. In this opinion, Dr. Kammerlocher stated that Plaintiff would be permanently restricted to light or sedentary work, could pursue activities "as tolerated," and should "always wear good shoes." R. 233 (Ex. 1F, at 1). In the written decision, the ALJ discussed the Clinic Note and gave it "some weight." R. 22.

The second opinion (the "Return to Work Assessment"), also dated September 20, 2013, was considered by the ALJ after the hearing but prior to issuance of the written decision. *See* R. 15, 31-32. This opinion likewise noted that Plaintiff was limited to either light or sedentary work. R. 382 (Ex. 6F, at 6). However, the Return to Work Assessment was more detailed, as it included an additional restriction to "[o]ffice type work only (sedentary)," a need for Plaintiff to change positions as needed, a restriction to walking eight minutes per hour, and a range of other postural and environmental restrictions. R. 382.

The Return to Work Assessment was scanned into the administrative record as part of Exhibit 6F, which otherwise consisted of a medical-source statement from another treating physician, David Speegle, MD. *See* R. 377-82. The ALJ does not appear to recognize that Dr. Kammerlocher authored the Return to Work Assessment. Rather, in the midst of discussing Dr. Speegle's opinions, the ALJ characterizes the Return to Work Assessment as follows: "Attached to Dr. Speegle's medical source statement is another statement from September 2013 with similar limitations." R. 21 (citing Ex. 6F). The ALJ next states, "Little weight is given to Dr. Speegle's opinion because it is inconsistent with the medical evidence of record as well as the claimant's numerous activities of daily living." R. 21.

*C. Discussion*

Plaintiff contends that the ALJ erred by failing to properly evaluate the Return to Work Assessment. *See* Pl.'s Br. at 6. Citing Social Security Rulings 96-9p[3] and 83-12,[4]

---

[3] Social Security Ruling 96-9p states:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. *Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded.* The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996) (emphasis added).

[4] Social Security Ruling 83-12 provides that in certain disability claims

Plaintiff argues that a restriction involving a need to change positions, as assessed by Dr. Kammerlocher but not included in the RFC or the hypotheticals posed to the VE, would significantly erode the base of sedentary, unskilled work Plaintiff could perform. *See id.* at 6-7.

Plaintiff is correct that the ALJ did not properly consider Dr. Kammerlocher's Return to Work Assessment. As a result of not recognizing that Dr. Kammerlocher rather than Dr. Speegle authored this opinion, the ALJ fails to consider Dr. Kammerlocher's specialized expertise as an orthopedic surgeon, or any other factors specific to that physician and his treatment relationship with Plaintiff, when assigning weight to the opinion. *See Watkins*, 350 F.3d at 1301; 20 C.F.R. § 404.1527(c)(2)-(6). And, by not fully and properly addressing the Return to Work Assessment, the ALJ fails to "make clear" "the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins*, 350 F.3d at 1300 (internal quotation marks omitted).

---

> the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)
>
> . . . . *Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.* In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983) (emphasis added).

8

Specifically, the ALJ's treatment of the Return to Work Assessment does not provide a clear explanation for why the limitations described therein were not adopted. For example, it is unclear how the ALJ construed or reconciled Dr. Kammerlocher's determination that Plaintiff could perform either light or sedentary work with the physician's accompanying determination that Plaintiff could perform "[o]ffice type work only (sedentary)." R. 382. The ALJ also does not address Dr. Kammerlocher's opinion that Plaintiff must be permitted to "[c]hange positions as needed." *Id*. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence" and only if he or she "give[s] specific, legitimate reasons for doing so." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (internal quotation marks omitted); *Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ . . . must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). The ALJ's decision, which appears to misattribute the opinion and then lumps it together with other evidence from a different doctor, does not meet these standards. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004)

The failure to address the restrictions contained in Dr. Kammerlocher's Return to Work Assessment cannot be said to be harmless. *See generally Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). As Plaintiff correctly argues, the inclusion of an "at will" sit/stand option in Plaintiff's RFC would erode the base of unskilled, sedentary work

9

Plaintiff could perform. *See* Pl.'s Br. at 6-7; *see* SSR 83-12, 1983 WL 31253, at *4; 1996 WL 374185, at *7. The ALJ did not include an "at will" or "as needed" sit/stand option in any of the hypotheticals posed to the VE. R. 60-62. As a result, if this Court assumes that an "at will" sit/stand restriction should have been adopted as part of Plaintiff's RFC, there is no record evidence of what jobs Plaintiff would remain capable of performing. The Court therefore is unable to say that "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Keyes-Zachary*, 695 F.3d at 1163 (internal quotation marks omitted); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (noting that the court applies harmless-error analysis "cautiously" in the context of administrative review).[5]

Given these circumstances, remand is necessary for the ALJ to properly consider the impact of Dr. Kammerlocher's Return to Work Assessment and to evaluate the effect of the additional functional limitations contained in the opinion, if adopted, on Plaintiff's RFC.

---

[5] Plaintiff also argues that imposition of Dr. Kammerlocher's restriction involving "[o]ffice type" work would prevent Plaintiff from performing two of the sedentary, unskilled occupations cited by the VE: order clerk and final assembler. Plaintiff contends that the single remaining occupation—call-out operator—does not offer the required "significant number" of jobs available in the national or regional economy. *See* Pl.'s Br. at 11 (citing *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1987); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008)). In light of the necessity of remand, the Court need not determine the merit of this argument but notes the lack of any counter from Defendant. *See* Def.'s Br. (Doc. No. 15) at 15 & n.12.

*D. Other Arguments*

The Court agrees that the ALJ's erroneous treatment of the Return to Work Assessment requires remand and therefore does not address Plaintiff's remaining claims. *See Watkins*, 350 F.3d at 1299.

## CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 13th day of July, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE