# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELAINE ANN BARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-101-CG |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

On July 13, 2018, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 23); *see also Barrett v. Berryhill*, No. CIV-17-101-CG, 2018 WL 3414321 (W.D. Okla. July 13, 2018). Plaintiff Elaine Ann Barrett now moves for an award of attorney's fees in the amount of $6954.10 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Mot. Att'y Fees (Doc. No. 24); Pl.'s Suppl. Mot Att'y Fees (Doc. No. 28). Defendant has objected to the request (Def.'s Obj. (Doc. No. 26)), and Plaintiff has replied (Pl.'s Reply (Doc. No. 27)).

I.  *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     Whether Plaintiff Is the Prevailing Party

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

2

### III. *Whether the Government Has Shown Its Position Was Substantially Justified*

In the administrative proceedings below, the ALJ erred by failing to properly evaluate the opinion of Plaintiff's treating physician as required by the relevant Social Security Rulings and regulations and by Tenth Circuit authority. First, the ALJ failed to recognize which treating physician had authored a relevant medical opinion and failed to adequately clarify the reasons for the weight assigned to that opinion. *See Barrett*, 2018 WL 3414321, at *4 (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300, 1301 (10th Cir. 2003)). Relatedly, the ALJ's treatment of the treating physician's opinion failed to "provide a clear explanation for why the limitations described therein were not adopted," as the ALJ "appear[ed] to misattribute the opinion and then lump[ed] it together with other evidence from a different doctor." *Id.*

The Court found that the ALJ's errors could not be said to be harmless, as adoption of the limitations presented in the misattributed opinion would erode the base of work that Plaintiff could perform, and there was "no record evidence of what jobs Plaintiff would remain capable of performing" if those limitations were imposed. *Id.* at *5. The Court found that reversal was required based upon the ALJ's failure to properly evaluate the treating-physician opinion in accordance with the relevant regulatory factors. *See id.* The Court declined to address other propositions of error raised by Plaintiff. *See id.* (citing *Watkins*, 350 F.3d at 1299).

Defendant objects to any award of fees, arguing that the government's position was substantially justified with respect to the denial of Plaintiff's application for benefits. *See* Def.'s Obj. at 4-10; *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We

3

consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."). The ALJ's assessment of the evidence reflected legal error, however, and resulted in an assessment that did not comport with Tenth Circuit authority in multiple respects. *See Barrett*, 2018 WL 3414321, at *2-5. Defendant now primarily repeats the arguments previously made in support of affirmance and does not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see* Def.'s Obj. at 4-10; *see also Gutierrez*, 953 F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where the ALJ's findings were unreasonable based on the record before the ALJ).

The Court also considers "whether this case is exceptional because the Commissioner's litigation position 'cured unreasonable agency action.'" *Groberg v. Astrue*, 505 F. App'x 763, 768 (10th Cir. 2012) (alteration omitted) (quoting *Hackett*, 475 F.3d at 1174); *see Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232 (W.D. Okla. 2017). Defendant correctly notes that the Commissioner may avoid paying EAJA fees under this exception "when [she] reasonably, even if unsuccessfully, argues in litigation that the ALJ's errors were harmless." Def.'s Obj. at 9 (citing *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016)). But the Commissioner did not argue that the ALJ committed harmless legal error with respect to the material issue. *See* Def.'s Br. (Doc. No. 15) at 8-10, 12-13. Rather, she argued that the ALJ's decision complied with the governing law and that the ALJ's evaluation of the treating-physician opinion was supported by substantial evidence. *See id.*

4

Defendant thus has not shown that the United States' position before the SSA and this Court was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

IV. *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See id.* § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $6954.10, calculated as follows:

- 28.10 attorney hours for work performed in 2017, at a rate of $197.00 per hour; and
- 10.2 attorney hours for work performed in 2018, at a rate of $197.00 per hour;
- with the requested award reduced by $591.00 in the exercise of billing judgment.

*See* Pl.'s Mot. Att'y Fees at 2, 8-10; Pl.'s Suppl. Mot. Att'y Fees at 2, 4-6. Plaintiff's attorney has provided a detailed statement of the time expended, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*[1]

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court

---

[1] The inclusion in the fee award of time spent seeking this fee award (to which Defendant has offered no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See* Pl.'s Suppl. Mot. Att'y Fees at 2, 4-6; *Vincent*, 247 F. Supp. 3d at 1229-30; *Hull v. Berryhill*, No. CIV-15-954-R, 2017 WL 2023765, at *2 (W.D. Okla. May 12, 2017).

takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $197.00 is a reasonable hourly rate for work performed in 2017 and 2018 on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Mot. Att'y Fees at 9 (Mem. from Denver OGC Office to Pls.' Att'ys Handling Soc. Sec. Litig. in Okla. & N.M. (Feb. 9, 2018)). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motions (Doc. Nos. 24, 28) and awards attorney's fees under the EAJA in the amount of $6954.10, with said amount to be paid directly to Plaintiff and sent in care of Timothy White, AAA Disability Advocates PC, 7906 East 55th Street, Tulsa, Oklahoma, 74145-7818. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 19th day of October, 2018.

CHARLES B. GOODWIN
United States District Judge